UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MATTHEW CUSACK, | ) |
|       Plaintiff | ) |
| v. | )   No. 2:22-cv-00286-LEW |
| R.M. DAVIS, INC., | ) |
|       Defendant | ) |

**ORDER ON MOTION TO CONDUCT MENTAL EXAMINATION**

At the request of defendant R.M. Davis, Inc., I held a discovery dispute hearing on May 28, 2024, concerning plaintiff Matthew Cusack's withdrawal of voluntary consent to an independent mental examination by Dr. Carlyle Voss. *See* ECF Nos. 32-34. Treating the dispute as an oral motion by R.M. Davis for an order permitting the examination pursuant to Federal Rule of Civil Procedure 35, I grant the motion for the reasons that follow.

### I. Background

Cusack was employed as a Data Management Administrator by R.M. Davis, a wealth and investment management firm located in Portland, Maine, from September 18, 2017, to August 30, 2019. First Amended Complaint (FAC) (ECF No. 4) ¶¶ 4-5. Cusack had served in the United States Air Force from 2005 to 2009, injuring his knees during basic training. *Id.* ¶ 10. The injury has progressively worsened, affecting his mobility and causing chronic pain that interferes with his

1

sleep, as well as insomnia and depression. *Id.* ¶¶ 10-11. The U.S. Department of Veterans Affairs has rated him sixty percent disabled. *Id.* ¶ 12.

Prior to joining R.M. Davis, Cusack became homeless and was hospitalized for depression. *Id.* ¶¶ 18-19. With the help of a Veteran's Inc. employment and training program, he was able to secure employment at R.M. Davis, turn his life around, and stabilize his mental health. *Id.* ¶¶ 19-20. His first year of employment with R.M. Davis was successful, and he received positive reviews. *Id.* ¶¶ 28, 30-31. However, the relationship soured, culminating in R.M. Davis's termination of his employment on August 30, 2019. *Id.* ¶¶ 32-69. In its termination letter, R.M. Davis explained that it had fired Cusack because he "had difficulty accepting direction" and "expressed impatience and frustration with various organizational decisions." *Id.* ¶ 69 (cleaned up).

In the wake of the Court's partial grant of a motion by R.M. Davis to dismiss seven of the FAC's nine counts, the following claims remain: Count I (discrimination based on status as a veteran in violation of the Uniformed Services Employment and Reemployment Rights Act, 38 U.S.C. §§ 4301(a)(3), 4311(a), (c)(1)); Counts V and VI (discrimination based on disability in violation of the Americans with Disabilities Act, 42 U.S.C. § 12112(a), and the Maine Human Rights Act, 5 M.R.S. § 4572; (3) Count VII (retaliation for engaging in conduct protected by the Maine Whistleblower Protection Act, 26 M.R.S. §§ 833, 834-A); and (4) Counts VIII and IX (violation of Maine's wage and hour laws pertaining to overtime pay and timely and full payment

of wages, 26 M.R.S. §§ 621-A, 626, 664, 670). *See* MTD Decision (ECF No. 15) at 7-16; FAC ¶¶ 83-88, 107-35.

## II.  Legal Standard

Pursuant to Fed. R. Civ. P. 35(a), a court may, upon a showing of good cause, "order a party whose mental . . . condition . . . is in controversy to submit to a . . . mental examination by a suitably licensed or certified examiner." Any such order "must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Fed. R. Civ. P. 35(a)(2)(B).

"Rule 35 . . . requires discriminating application by the trial judge, who must decide, as an initial matter in every case, whether the party requesting a mental . . . examination . . . has adequately demonstrated the existence of the Rule's requirements of 'in controversy' and 'good cause,' which requirements . . . are necessarily related." *Schlagenhauf v. Holder*, 379 U.S. 104, 118-19 (1964). This analysis is highly contextual: "what may be good cause for one type of examination may not be so for another." *Id.* at 118.

## III.  Discussion

During the hearing on the parties' discovery dispute, R.M. Davis's attorney William Wahrer explained that his client sought an independent medical examination because Cusack alleges that his severe emotional distress was exacerbated by R.M. Davis's conduct and, although Cusack self-reported in an interrogatory answer that he has a personality disorder, nothing in Attorney Wahrer's review of records produced in discovery confirmed such a diagnosis.

3

Attorney Danielle Quinlan, appearing on behalf of Cusack, explained that her client became wary and withdrew his voluntary consent to the examination because he was not sure what it would entail. Attorney Wahrer represented that, in addition to reviewing Cusack's medical/psychological history, Dr. Voss would interview him and assess his current mental status. Attorney Wahrer estimated that the examination, which would be conducted through Zoom, would last no more than two and a half hours. He did not perceive a need for the presence of a support person for Cusack, and Attorney Quinlan agreed that none was necessary.

I conclude that R.M. Davis has satisfied the requirements for an order under Rule 35. First, Cusack's mental condition plainly is "in controversy"— indeed, he does not argue otherwise. Second, R.M. Davis has established good cause for a mental examination. Cusack alleges that his damages include "emotional pain and suffering and lost enjoyment of life," FAC ¶¶ 115, 125, and now claims that he has an apparently undiagnosed personality disorder. Third—and although not in itself dispositive—Cusack initially agreed to the examination.

## IV. Conclusion

For the foregoing reasons, R.M. Davis's motion for a Rule 35 examination is **GRANTED**. Cusack shall submit to a mental examination by Dr. Carlyle Voss on June 19, 2024, at 11:00 a.m. via Zoom. The examination shall be limited to an interview-based assessment and a mental status examination and shall not exceed three hours in length.

*SO ORDERED*.

## *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the District Court and to any further appeal of this order.*

Dated: June 3, 2024

/s/ Karen Frink Wolf
United States Magistrate Judge